**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

Dated: May 09, 2007

_____
ROBERT C. MCGUIRE
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RICARDO RUIZ DE ESPARZA | § | CASE NO. 06-31040-RCM |
| and SYLVIA RUIZ DE ESPARZA, | § | |
| | § | Chapter 13 |
| Debtors. | § | |

## ORDER OVERRULING
## DEBTORS' OBJECTION TO THE AMENDED CLAIM OF GECU

On April 24, 2007, the court held a hearing on the Debtors' Objection to the Amended Claim of Government Employees Credit Union ("GECU"). The parties appeared through counsel and presented argument. The court took the matter under advisement at the conclusion of the hearing.

### FACTS

The parties stipulated at the hearing to the relevant facts, and the court adopts those stipulated facts. In particular, there is no dispute that the Debtors purchased a Ford F150 pickup truck in 1999, and sometime after the purchase but before 910 days before the filing of this Chapter 13 case, obtained a loan from GECU and granted it a security interest in the pickup to secure that loan. On April 12, 2005, within the 910 day period preceding the filing of this case,

the Debtors obtained a second loan from GECU for the purchase of a Chevy Impala. GECU's loan documents provide that the pickup loan and the Impala loan are cross-collateralized.

The Debtors filed their bankruptcy petition commencing this case on September 9, 2006. They surrendered the Impala after the case was filed, in accordance with the provisions of their Chapter 13 plan, which provides for such surrender.[1] The plan also provides for treatment of the balance of the earlier loan secured by the pickup as a fully secured secured claim, to be paid through the plan.

Consistent with the plan's provisions, GECU has taken possession of the Impala and foreclosed its security interest in accordance with Texas law. It then filed a general unsecured claim for $9,818.82, representing the deficiency as determined by the foreclosure. The Debtors objected to that claim. GECU subsequently amended its claim, to assert that it is in fact fully secured by the pickup. The parties agree that there is sufficient value in the pickup to cover not only the balance of the loan originally secured by it, but also the deficiency remaining on the loan obtained to purchase the Impala. The Debtors objected to that amended claim.

## ISSUE PRESENTED

The Debtors argue that the amended claim should not be allowed under a recent change to the Bankruptcy Code made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") governing claims filed in chapter 13 cases involving motor vehicles

---

[1] The Debtors' Chapter 13 plan was filed on September 27, 2006, and provides, in Section VI(1)(B), "Specific Treatment for Payment of Allowed Claims–Payments to Be Made by the Debtor Directly to Creditors, Including Post-Petition Domestic Support Obligations":

> Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C.§ 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

The Debtors' plan lists the Impala under this section as collateral to be surrendered to GECU. The plan contains no statement that the vehicle will be surrendered in full satisfaction of the balance of the purchase money loan secured by it, although the Debtors in their Objection to the Amended Claim essentially make the argument that, once confirmed, their plan would have that effect as a matter of law. Therefore, and because GECU has not argued that the language of the plan should be interpreted differently, the court will construe the plan as providing for surrender in full satisfaction.

In addition, because the Debtors' argument is contingent upon confirmation of the plan, which has not yet occurred, their Objection to the Amended Claim might be considered premature. However, GECU has raised the same issue as presented by Objection to Amended Claim in an objection to confirmation, and have agreed to reset confirmation for upcoming docket, in order to resolve the issue beforehand. Accordingly, the court finds that the question is ripe for deciding now.

purchased within 910 days of the bankruptcy filing. Specifically, Debtors assert this amendment to 11 U.S.C. § 1325(a) allows them to surrender to GECU the Impala they purchased within 910 days of their bankruptcy filing in full satisfaction of the debt they owe GECU. They assert that the combination of 11 U.S.C. § 1325(a)(5)(C), which allows a plan to provide for surrender of collateral, and the text appearing immediately after § 1325(a)(9), which text states that § 506 no longer applies to value a motor vehicle bought within 910 days of the bankruptcy filing [called the "Hanging Paragraph"], allows the Debtors' proposed full value surrender notwithstanding the objection of GECU. The latter argues that BAPCPA did not affect the treatment of deficiency claims arising as a result of the surrender of a vehicle pursuant to a Chapter 13 plan and that, in any event, this case is distinguishable because the balance of the purchase money loan on the Impala is not an unsecured deficiency claim but a claim that is fully secured by the pickup.

## JURISDICTION

The court has subject matter jurisdiction of the parties' dispute pursuant to 28 U.S.C. § 1334 and § 157. The matter is a core contested proceeding pursuant to 28 U.S.C. § 158(b)(2)(A) (matters concerning the administration of the estate), (b)(2)(B) (allowance or disallowance of claims), (b)(2)(L) (confirmation of plans), and (b)(2)(O) (other proceedings affecting the liquidation of assets of the estate). The following represent the court's findings of fact and conclusions of law made pursuant to Bankruptcy Rules 7052 and 9014. Where appropriate, a finding of fact shall be construed to be a conclusion of law, and vice versa.

## DISCUSSION

Section 1325(a)(5) provides that:

the court shall confirm a plan if . . . with respect to each allowed secured claim provided for by the plan--
(A)  the holder of such claim has accepted the plan;
(B)  (i)  the plan provides that--
   (I)  the holder of such claim retain the lien securing such claim until the earlier of--
      (aa)  the payment of the underlying debt determined under nonbankruptcy law; or
      (bb)  discharge under section 1328; and
   (II)  if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

3

  (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
  (iii) if--
    (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
    (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
 (C) the debtor surrenders the property securing such claim to such holder . . ..

The Hanging Paragraph [the text immediately following § 1325(a)(9) of the Bankruptcy Code as amended under BAPCPA] states that:

> [f]or purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing . . ..

 Courts throughout the country are struggling with the correct application of this Hanging Paragraph language to motor vehicle claims when the vehicle was purchased with recourse debt within 910 days preceding the bankruptcy filing, the vehicle is surrendered pursuant to provisions of the plan, the creditor forecloses its security interest in the vehicle, and an amount remains owing. There is case law both denying and allowing the creditor the right to file a deficiency unsecured claim, with the majority having disallowed deficiency claims. *See e.g.,* **In re Osborn**, 2007 WL 542435 (B.A.P. 8th Cir.) (majority view); **In re Gentry**, 2006 WL 3392947 (Bankr. E.D. Tenn.) (same); **In re Ezell**, 338 B.R. 330 (Bankr. E.D. Tenn. 2006) (same).

 This court, however, finds the reasoning of the minority to be the more persuasive and has sided with those courts in its recent decision in **In re Newberry**, 06-60241, docket nos. 50, 51, Judgment and Memorandum Opinion Denying Debtors' Objection to Amended Claim. *See also* **In re Zehrung**, 351 B.R. 675 (W.D. Wis. 2006); **In re Particka**, 355 B.R. 616 (Bankr. E.D. Mich. 2006); **In re Clark**, 2007 WL 625272 (Bankr. N.D. Miss.). For the reasons stated in

**Newberry**, the court holds that the Debtors' Objection to Amended Claim in this case should be overruled, and the secured "deficiency claim" of GECU should be allowed as filed.[2]

IT IS SO ORDERED.

# # #

---

[2] The parties have not disputed that the deficiency claim here, if not eliminated by the application of the Hanging Paragraph, is secured because cross-collateralized by the pickup. The only dispute was whether no deficiency claim–whether unsecured or secured–should be allowed because of the application of that provision. GECU argued as its primary position that the Hanging Paragraph does not eliminate deficiency claims where a debtor proposes to surrender the collateral in the plan–which position the court has adopted in its ruling. As the court understood it, GECU also argued, as an alternative to that position, that even if the Hanging Paragraph applied to cases where there was an unsecured deficiency after surrender, this case is distinguishable because GECU's deficiency claim is secured–i.e., the balance of the purchase money loan that was secured by the Impala is still secured by the pickup. Because the court decides that the Hanging Paragraph generally does not eliminate deficiency claims on purchase money loans secured by cars bought within the 910-day period and surrendered under a plan, it need not decide whether the fact that this claim is secured, in and of itself, would take it out of operation of the Hanging Paragraph.

5